UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3675** |
| **AMERICAN SECURITY INSURANCE COMPANY** | **SECTION: D (1)** |

## ORDER & REASONS

Before the Court is Defendant American Security Insurance Company's Motion to Dismiss.[1] Plaintiff Frank Johnson filed a response to the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion and **DISMISSES** the case **with prejudice**.

### I.    FACTUAL & PROCEDURAL BACKGROUND

This case arises from a dispute over insurance payments. On May 22, 2020, a fire broke out at Plaintiff's property located at 1726–28 Gov. Nicholls Street, New Orleans, Louisiana 70116.[3] Plaintiff alleges that he promptly reported the loss to Defendant,[4] from whom Plaintiff's mortgage lender had previously obtained hazard

---

[1] R. Doc. 7.

[2] R. Doc. 12. Defendant's Motion to Dismiss was filed on November 1, 2022, with a submission date of November 29, 2022. Pursuant to Local Rule 7.5, Plaintiff's response to the Motion was due November 21, 2022. On December 21, 2022, Plaintiff emailed the Court a Response in Opposition. Plaintiff provided no explanation for his untimely response. Although Plaintiff is proceeding *pro se*, he must still comply with the rules of civil procedure, including relevant deadlines. *See Wile v. Abbott*, 459 F. Supp. 3d 803, 806 (N.D. Tex. 2020). Nevertheless, in this matter, the Court excuses Plaintiff's untimely filing and considers the arguments raised therein. Even considering Plaintiff's argument, the Court finds, for the reasons explained below, that Defendant's Motion is meritorious and that this case must be dismissed.

[3] *See* R. Doc. 1-1 at ¶ 8; R. Doc. 7-1 at p. 2.

[4] *See* R. Doc. 1-1 at ¶ 9.

insurance for the structure located on Plaintiff's property.[5] The property was subject to a mortgage in favor of PHH Mortgage.[6]

According to Plaintiff, the Defendant "has not provided any tender under the policy"[7] despite Plaintiff sending "a demand for the full policy limits."[8] Plaintiff also alleges that Defendant has failed to physically inspect his property or to notify Plaintiff of any steps it took to investigate the loss.[9] Plaintiff further avers that "the mortgage holder may foreclose on the property" as a result of Defendant's alleged failure to timely cover the losses to the property.[10]

Plaintiff also alleges that Defendant falsely and fraudulently told him that they denied his claim, in part, because he had a separate State Farm insurance policy on the property, while knowing that not to be the case.[11] Plaintiff states that he contacted State Farm which told him that State Farm insured a nearby property owned by a separate individual and that State Farm had made a subrogation claim to Defendant for alleged damage to that other property resulting from the May 22, 2020 fire.[12] Plaintiff contends that Defendant knew that the State Farm policy did not cover Plaintiff and knew that this "was an improper basis to deny his claim."[13]

Plaintiff filed his state court Petition for Damages, *pro se*, on May 18, 2022 in the Civil District Court for the Parish of Orleans, bringing claims for Breach of

---

[5] *See id.* at ¶ 7; R. Doc. 7-1 at p. 2.
[6] *See* R. Doc. 1-1 at ¶¶ 7, 16.
[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 17.
[9] *Id.* at ¶¶ 11, 12.
[10] *Id.* at ¶ 16.
[11] *See id.* at ¶¶ 14–15, 20.
[12] *See id.* at ¶ 15.
[13] *Id.* at ¶ 33.

Contract, Bad Faith, and Misrepresentation and Fraud.[14] This matter was removed to this Court on October 5, 2022.[15] Defendant filed the present Motion to Dismiss on November 1, 2022 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[16]

Defendant argues that Plaintiff's complaint must be dismissed because Plaintiff is not a named insured under the policy nor is he a third-party beneficiary of the policy.[17] Accordingly, Defendant asserts, Plaintiff does not have a legally cognizable claim for insurance coverage against Defendant. Additionally, Defendant argues that because Plaintiff lacks standing to assert his breach of contract claim, he, therefore, cannot assert a claim for bad faith failure to pay an insurance claim.[18] Defendant does not address Plaintiff's claims for fraud and misrepresentation.

Plaintiff briefly responded to Defendant's Motion, largely reiterating the allegations made in his original state court Petition.[19] Plaintiff alleges that Defendant admits that it received a loss claim but that no payment was made either to him or the mortgagee within thirty days of receipt of that claim. Plaintiff also seems to argue that he is either an additional named insured on the policy or a third-party beneficiary of the policy. Finally, Plaintiff claims that Defendant "made false allegations that [Plaintiff] had state farm insurance [sic], and claimed to be a 2nd insurance company insuring [Plaintiff's property]."[20]

---

[14] *See* R. Doc. 1-1.
[15] R. Doc. 1.
[16] R. Doc. 7.
[17] *See* R. Doc. 7-1 at p. 3.
[18] *See id.* at p. 7.
[19] *See* R. Doc. 12.
[20] *Id.*

## II. LEGAL STANDARD

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[21] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[22] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[23] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[24] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[25] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[26]

For claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires that a "party must state with particularity the circumstances constituting fraud or mistake."[27] The Fifth Circuit has explained that, to satisfy Rule 9(b), a plaintiff must plead "the time, place and contents of the false representation[ ], as well as the identity of the person making the misrepresentation and what that person obtained thereby."[28] While this Court must "apply Rule 9(b) to fraud complaints with 'bite' and

---

[21] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[22] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[23] *Shandon Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).
[24] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[25] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[26] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[27] Fed. R. Civ. P. 9(b).
[28] *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (quoting *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999)).

'without apology,'"[29] this Court is cognizant of the fact that Rule 9(b) does not "reflect a subscription to fact pleading" of yesteryear.[30]

## III. ANALYSIS

### A. Breach of Contract & Bad Faith Claims

Plaintiff's first alleges a cause of action for breach of the insurance contract covering Plaintiff's property.[31] Plaintiff claims that Defendant breached the policy by denying his claim under the policy and failing to tender adequate insurance proceeds.[32] Plaintiff also brings a related cause of action for bad faith failure to pay an insurance claim, in violation of La. R. S. 22:1892 and 22:1973.[33] Because this

---

[29] *Id.* at 185 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).
[30] *Id.* at 186 (quoting *Williams*, 112 F.3d at 178).
[31] *See* R. Doc. 1-1 at ¶¶ 22–26.
[32] *Id.*
[33] *See id.* at ¶¶ 27–32. Louisiana Revised Statute 22:1892 provides, in relevant part:

> [F]ailure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim . . . or failure to make such payment within thirty days after written agreement or settlement . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

Louisiana Revised Statute 22:1973 provides, in relevant part, that an "insurer . . . shall be liable for any damages sustained" by "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

latter claim is derivative of Plaintiff's breach of contract claim, if Plaintiff's claim for breach of contract is dismissed, so too must the bad faith claim be dismissed.[34]

Defendant moves to dismiss Plaintiff's claim against it on the grounds that Plaintiff cannot sue under the insurance policy because he is not an insured, additional insured, or third-party beneficiary of the insurance policy.[35] Defendant is correct that in order to state a claim for breach of an insurance policy, a plaintiff must be either a named insured, an additional named insured, or an intended third-party beneficiary of the policy.[36] Because the Court finds that Plaintiff does not fall under any of these three categories, Plaintiff's claims necessarily fail.

Here, the insurance policy specifically states that the loss payments shall by paid out to the "named insured."[37] The policy also states that the Defendant "will make written offer to the *named insured* to settle a claim within 30 days after receipt of satisfactory proof of loss of that claim."[38] The policy lists the "named insured" as PHH Mortgage Services, Its Successors and/or Assigns As Their Interest May Appear ("PHH").[39] Although Plaintiff's name is listed on the policy, he is listed only as a

---

[34] This is so because if there is no valid claim for breach of contract, then, logically, there can be no claim for bad faith breach of the contract. *See, e.g.*, *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 525–26 (5th Cir. 2010) ("[A] plaintiff attempting to base her theory of recovery against an insurer on [22:1892 and 22:1973] must first have a valid, underlying, substantive claim upon which insurance coverage is based." (quoting *Clausen v. Fid. & Deposit Co. of Md.*, 95 0504, p. 3 (La. App. 1 Cir. 8/4/95); 660 So.2d 83, 85.)).
[35] *See* R. Doc. 7-1 at pp. 3–4.
[36] *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp.3d 634, 641 (E.D. La. 2019) (citing *Guthrie Brown v. Am. Modern Home Ins. Co.*, No. 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017)).
[37] R. Doc. 1-2 at pp. 13, 20. The Court considers the insurance policy without converting Defendant's Motion to a motion for summary judgment because the insurance policy was attached to Defendant's Motion, is referred to in the pleadings, and is central to Plaintiff's claims. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[38] R. Doc. 1-2 at p. 20 (emphasis added).
[39] *Id.* at p. 5.

"Borrower" and *not* as a named insured or additional named insured.[40] Insofar as Plaintiff suggests that he is bringing suit not only on his own behalf but on behalf of the named insured mortgagee,[41] the Court finds such argument to be meritless. Plaintiff cannot vicariously assert the rights of the named insured mortgagee under the policy nor can Plaintiff act as the agent of the mortgagee.

Nor does Plaintiff provide any evidence to support that he is a third-party beneficiary of the policy. Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed.[42] To establish a stipulation *pour autri*, a party must demonstrate that: "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee."[43]

Here, Plaintiff fails to establish the existence of any of the three required elements for a stipulation *pour autri*. The insurance policy does not make "manifestly clear" that a benefit is owed to Plaintiff by Defendant. Rather, the policy expressly provides that "[l]oss will be made payable to the named insured[,]" *i.e.* PHH, not to Plaintiff.[44] As one court has explained, "[a]lthough the borrower typically pays the insurance premium through its mortgage lender, the insurance policy is for the

---

[40] *Id.*
[41] *See* R. Doc. 1-1 at ¶ 1 ("Plaintiff, Frank M. Johnson, person of the full age of majority and resident of Orleans Parish, Louisiana, individually and on behalf of his named mortgage company, PHH Mortgage Services and its successor, Shell Point Mortgage."); R. Doc. 12 ("The lawsuit was filed to protect the mutual interest of the plaintiff and the lender.").
[42] *Joseph v. Hosp. Serv. Dist. No. 2 of Parish St. Mary*, 2005-2364 (La. 10/15/06); 939 So. 2d 1206, 1212.
[43] *Id.*
[44] R. Doc. 1-2 at pp. 13, 20.

benefit of the mortgagee."[45]  Indeed, whatever benefits may inure to Plaintiff are merely incidental to the contract between Defendant and the named insured. Moreover, that the policy mentions Plaintiff and places duties, directly or indirectly, upon Plaintiff does not indicate an intent to benefit plaintiff nor does it transform Plaintiff into a third-party beneficiary.[46]  Because there is no "manifestly clear" intent in the policy to provide benefit for the Plaintiff, Plaintiff fails to demonstrate that he is a third-party beneficiary of the policy.

Finally, the Court notes that both this Court as well as other courts in this district have previously considered similar policies in other cases and found that the listed "borrower" was neither a named insured nor a third-party beneficiary and, thus, could not recover in contract for unpaid insurance claims.[47]  There is nothing unique about this case to bring it outside of this Court's prior pronouncements. Accordingly, the Court shall dismiss Plaintiff's claims for breach of contract for failing to state a claim upon which relief may be granted.  And because Plaintiff fails to allege a breach of the insurance policy, it necessarily follows that Plaintiff too fails to allege a bad faith failure by Defendant to pay Plaintiff's claim.  These claims shall be dismissed with prejudice.

---

[45] *Brown v. Am. Mod. Home Ins. Co.*, No. CV 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (Lemmon, J.).

[46] *See Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 858 (E.D. La. 2007) (Vance, J.) ("These duties do not, however, convert plaintiff into a named insured, an additional insured, or a third-party beneficiary of the insurance contract.").

[47] *See, e.g.*, *Farber v. Deutsche Bank Nat'l Tr. Co.*, No. CV 20-279, 2020 WL 5820076, at *2–3 (E.D. La. Sept. 30, 2020), *reconsideration denied*, No. CV 20-279, 2020 WL 7773711 (E.D. La. Dec. 30, 2020) (Vitter, J.); *Graphia*, 517 F. Supp. 2d at 857–58; *Brown*, 2017 WL 2290268, at *4–5.

### B. Fraudulent Misrepresentation Claim

Plaintiff additionally asserts a claim for fraudulent misrepresentation against the Defendant for allegedly misrepresenting to Plaintiff the reasons why Defendant denied Plaintiff's insurance claims.[48] As discussed above, Plaintiff alleges that Defendant knew that his property was not covered by a separate State Farm insurance policy, yet nevertheless told him that they were denying his claim because of that State Farm policy.[49] Plaintiff asserts that Defendant's "allegations were knowingly false and fraudulent misrepresentations made for the purposes of denying its contractual duties."[50]

At the outset, the Court finds that Plaintiff's allegations fail to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiff does not allege "the time, place and contents of the false representation," or "the identity of the person making the misrepresentation and what that person obtained thereby[,]"[51] as is required under Fifth Circuit law. Plaintiff's vague accusations, for instance, do not specify who made the misrepresentations or when they were made. For these reasons alone, Plaintiff's claims for fraud must be dismissed.

Even if the Court were to consider Plaintiff's fraud claims and overlook the Rule 9(b) deficiencies, Plaintiff has, at most, only alleged that Defendant misrepresented the reasons why it was denying his claims for coverage under the policy. But where, as here, Plaintiff is not a named insured or a third-party

---

[48] R. Doc. 1-1 at 33.
[49] *Id.*
[50] *Id.*
[51] *Kanneganti*, 565 F.3d at 186 (quoting *Epic Healthcare*, 193 F.3d at 308).

beneficiary of the policy and, accordingly, is not owed anything under the policy, none of Defendant's alleged misstatements amount to fraud.

Fraud in Louisiana is defined in the civil code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[52] There are three basic elements to an action for fraudulent misrepresentation under Louisiana law: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to the other party; and (3) the resulting error must relate to a circumstance substantially influencing the other party's contractual consent."[53] Plaintiff's vague contentions as to Defendant's alleged fraud fail to plausibly plead these three required elements.

Initially, the Court notes that there is no evidence that Defendant obtained an unfair advantage by misrepresenting the reason why it was denying coverage to Plaintiff because Defendant was under no obligation to pay Plaintiff anything. Indeed, there was nothing for Defendant to obtain. Nor, for that matter, did Plaintiff lose anything by Defendant's misstatement. Whether or not Defendant told Plaintiff that the reason it was denying Plaintiff's claim was due to Plaintiff's property being covered under a separate State Farm policy does not change the fact that Plaintiff would receive nothing under the policy in either scenario. Defendant stood to gain nothing from the alleged misstatement. Taking the Complaint as written, as the

---

[52] La. C.C. art. 1953.
[53] *Terrebonne Concrete, LLC v. CEC Enterprises, LLC*, 2011-0072 (La. App. 1 Cir. 8/17/11); 76 So. 3d 502, 509, *writ denied*, 2011-2021 (La. 11/18/11); 75 So. 3d 464.

Court does in this matter, Plaintiff alleges a lie, without anything else, which is not actionable as fraud as pled.

Moreover, Defendant's alleged misstatement in no way "relate[s] to a circumstance substantially influencing the other party's contractual consent."[54] That is, Defendant's statements did not induce Plaintiff to enter in or agree to any contractual arrangement. Plaintiff and Defendant were not, for the reasons discussed above, in a contractual relationship. Accordingly, no contractual consent is present at all here, let alone at the moment the alleged misrepresentation was made, far after the moment of contract between Defendant and PHH. Simply put, Plaintiff does not and cannot show that Defendant's alleged knowingly false statement influenced, in any manner, his own consent into contracting with Defendant. Plaintiff did not rely on Defendant's statement in any way and indeed apparently discovered the true nature and role of the State Farm policy as it related to Defendant's denial of his claim with little difficulty on Plaintiff's part.[55] As alleged, there was no fraud here and Plaintiff's claim must, therefore, be dismissed.

## IV. CONCLUSION

Generally, "[t]he Court should freely give leave [to amend a pleading] when justice so requires."[56] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant,

---

[54] *Terrebonne Concrete,* LLC, 76 So. 3d at 509.
[55] *Shelton v. Standard/700 Assocs.*, 2001-0587 (La. 10/16/01); 798 So. 2d 60, 64 ("Nevertheless, fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill.").
[56] Fed. R. Civ. P. 15(a)(2).

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[57]  However, "i[t] is within the district court's discretion to deny a motion to amend if it is futile."[58]  An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted."[59]  While Plaintiff has not requested leave to amend, the Court still considers granting such leave.  After review of this matter, the Court finds that any amendment would be futile inasmuch as the language of the insurance policy and the applicable law is clear.  Exercising the discretion afforded under Fed. R. Civ. P. 15 and the pertinent jurisprudence, the Court finds that granting Plaintiff leave to amend his Complaint would be futile in this case and would fail to cure the deficiencies raised by Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Security Insurance Company's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

New Orleans, Louisiana, January 10, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[57] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[58] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).
[59] *Id.*